DECISION AND JUDGMENT ENTRY
{¶ 1} Victor Joseph Coates ("Father") appeals the judgment of the Meigs County Common Pleas Court denying his motion to modify parental rights. Father requested that the court name him primary residential parent, instead of Misty Dawn Coates ("Mother"). On appeal, Father contends that the trial court abused its discretion in denying his motion because: (1) the court failed to consider all the "best interest" factors in R.C. 3109.04(F)(1); and (2) the court's decision was against the manifest weight of the evidence. Because Father wrongly assumes that the trial court made a "change in circumstances" finding under R.C.3109.04(E)(1)(a), and because we find that the trial court's "best interest" findings are now moot, we disagree. Accordingly, we overrule Father's two assignments of error and affirm the judgment of the trial court.
 I. *Page 2 {¶ 2} Father and Mother married in 1997. They had three children. A court decreed a dissolution of their marriage in 2000. The separation agreement provided for a shared parenting plan with the Mother as the primary residential parent of all three children.
 {¶ 3} In 2006, Father moved the court to modify allocation of parental rights and responsibilities with the request that the court name him primary residential parent of all three children. The court denied Father's motion. The court's entry stated that it "considered all factors of the Ohio Revised Code Section 3109.04, including but not limited to the change of circumstances analysis and the application of the best interest of the child test." The court found no change in circumstances and that it would not be in the children's best interest to modify the prior decree.
 {¶ 4} Father appeals and asserts the following two assignments of error: I. "The Trial Court erred and abused its discretion by failing to follow the dictates of the Ohio Revised Code when a motion for reallocation of parental rights has been filed. And, II. "The Trial Court's decision is against the manfiest weight of the evidence."
 II. {¶ 5} A trial court enjoys broad discretion in custody proceedings.Davis v. Flickinger (1997), 77 Ohio St.3d 415, paragraph one of the syllabus. This is due, in part, to the fact that "custody issues are some of the most difficult and agonizing decisions a trial judge must make." Id. at 418. We will not disturb a trial court's custody determination unless the court abused its discretion. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. An "abuse of discretion" connotes that the court's attitude is *Page 3 
"unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219; Booth v. Booth (1989), 44 Ohio St.3d 142,144.
 {¶ 6} R.C. 3109.04(E)(1)(a) governs the modification of a prior decree allocating parental rights. R.C. 3109.04(E)(1)(a) provides in relevant part: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."
 {¶ 7} The change in circumstances "must be a change of substance, not a slight or inconsequential change." Davis at 418. The court must remain mindful that "[t]he clear intent of [R.C. 3109.04] is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment." Id., quoting Wyss v.Wyss (1982), 3 Ohio App.3d 412, 416.
 {¶ 8} Father contends in his first assignment of error that the trial court found a change of circumstances but abused its discretion when it did not set forth its "best interest" findings in its order of each factor contained in R.C. 3109.04(F)(1). He asserts *Page 4 
that had the court considered all the "best interest" factors, it would have reached a different conclusion.
 {¶ 9} We do not address Father's "best interest" argument because it is based on a wrong assumption. Father assumes that the trial court made a "change in circumstances" finding. However, the trial court expressly found, in its findings of fact and conclusions of law filed on October 20, 2006, that "a change has not occurred in the circumstances of the children or their parents to justify a modification of the allocation of the parental rights and responsibilities for the care of the children[.]"
 {¶ 10} R.C. 3109.04(E)(1)(a) requires that the trial court make three findings before it can modify custody: (1) a change of circumstances has occurred since the last decree, (2) modification is necessary to serve the best interest of the child, and (3) the advantages of modification outweigh the potential harm. McClead v. McClead, Washington App. No. 06CA67, 2007-Ohio-4624, at ¶ 20. (Emphasis added.) The statute uses the word "and," not the word "or." Therefore, we find that the "best interest" finding that the trial court made after its "no change in circumstances" finding, is now moot as it relates to this assignment of error.
 {¶ 11} Accordingly, we overrule Father's first assignment of error.
 III. {¶ 12} Father contends in his second assignment of error that the trial court's decision is against the manifest weight of the evidence. He "incorporates the facts as are contained in the First Assignment of Error." *Page 5 
 {¶ 13} Once again, Father assumes that the trial court found a "change in circumstances" and bases his argument on the "best interest" factors. Therefore, we again find that his argument is based on the assumption that the trial court made a finding of a "change in circumstances." As we stated earlier, the trial court found "no change of circumstances" occurred. Therefore, Father's argument is moot.
 {¶ 14} Accordingly, we overrule Father's second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
 McFarland, J.: Concurs in Judgment and Opinion. *Page 1